UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Case: 1:24–mc–00165
Assigned To : Boasberg, James E.
Assign. Date : 12/12/2024
Description: Misc.

**IN RE APPLICATION OF CONRAD SMITH ET AL. FOR ACCESS TO GRAND JURY PROCEEDINGS MATERIALS IN *UNITED STATES V. TRUMP***

**Case No.**

**APPLICATION OF CONRAD SMITH ET AL. FOR ACCESS TO CERTAIN JANUARY 6 GRAND JURY PROCEEDING MATERIALS**

Pursuant to Rule 6 of the Federal Rules of Criminal Procedure and Local Rule 6.1, eight current or former U.S. Capitol Police Officers—Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland ("Applicants"), respectfully request this Court to authorize the disclosure of certain materials related to limited aspects of the grand jury investigation in *United States v. Trump*, No. 23-cr-257 (D.D.C.) ("*United States v. Trump*"). Applicants are plaintiffs in a civil lawsuit against Donald J. Trump and others who conspired to carry out the attack on the United States Capitol on January 6, 2021 (the "January 6 Attack"), *Smith et al. v. Trump et al.*, No. 21-cv-2265 (D.D.C.) ("*Smith v. Trump*").

Applicants seek disclosure of a limited universe of materials: (i) Defendant Trump's communications with his non-governmental conspirators; (ii) materials regarding the fundraising, planning, and promotion efforts that Trump campaign entities either provided or received in the planning and organization of the Save America Rally (the "Rally") which served as the launching pad for the January 6 Attack; and (iii) materials from certain percipient witnesses. Specifically, as detailed further below, Applicants seek materials they have been unable to secure through normal discovery channels in the *Smith v. Trump* case from Save America PAC, Trump Victory, Make America Great Again Committee, Cynthia Chafian, Hannah Salem, Caroline Wren, Daniel

RECEIVED
DEC 12 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

Scavino, and Rudolph Giuliani. Based on the overlapping facts at issue in *Smith v. Trump* and *United States v. Trump*, Applicants believe it is likely that the United States has collected evidence related to the requested information outlined in this motion. Moreover, the need for continued secrecy of the limited grand jury materials Applicants seek is greatly diminished because *United States v. Trump*, the case arising from the grand jury proceedings, was dismissed at the request of the United States on November 25, 2024. In addition, any materials may be produced subject to the protective order in *Smith v. Trump*, which permits designating material for attorneys' eyes only. *See Smith v. Trump*, ECF No. 294, at 4.

Applicants have sought the positions of the United States and Defendant Trump on the instant Application. The United States stated it took no position at this time as to whether the Applicants will be able to make the showing required to authorize disclosure of grand jury matters under Rule 6(e)(3)(E)(i). Counsel for Defendant Trump stated that applicable Court orders prohibit President Trump from disclosing grand jury materials, but did not otherwise state Defendant Trump's position.

**FACTUAL BACKGROUND**

Applicants are current or former U.S. Capitol Police officers who risked their lives in defense of the Capitol on January 6, 2021. On that morning, at the urging of Defendant Trump, attackers from across the country gathered in Washington, D.C. With Defendant Trump's encouragement, the attackers launched an assault on the Capitol—breaking through police barricades, physically assaulting the Applicants and other U.S. Capitol Police with noxious pepper spray, bear spray, and fire extinguishers, among other weapons, to force their way into the U.S. Capitol, where they incited terror among those inside and around the building. The attackers

directly impeded and interfered with government officials' and elected representatives' efforts to conduct their official duties.

Applicants seek to hold the responsible parties accountable for the injuries caused during these events. In their civil suit, Applicants assert claims under the Ku Klux Klan Act, 42 U.S.C.§ 1985(1), that Defendant Trump, his campaign, and others conspired to prevent by force, intimidation, and threats, members of Congress and U.S. Capitol Police officers from performing their official duties.

On August 1, 2023—over a year-and-a-half after Applicants filed their complaint in *Smith v. Trump*—Defendant Trump was indicted by a federal grand jury for his role in the January 6 Attack. *United States v. Trump*, ECF No. 1. The *United States v. Trump* grand jury examined the role of Defendant Trump and others in conspiring to overturn the results of the 2020 presidential election and drive members of Congress and the Capitol Police from the Capitol with threats, intimidation, and force. The Indictment specifically alleged Defendant Trump's involvement in three criminal conspiracies related to the January 6 Attack by: (1) "impair[ing], obstruct[ing], and defeat[ing] the lawful federal government function by which the results of the presidential election are collected, counted, and certified by the federal government, in violation of 18 U.S.C. § 371"; (2) "corruptly obstruct[ing] and imped[ing] the January 6 congressional proceeding at which the collected results of the presidential election are counted and certified" in violation of 18 U.S.C. § 1512(k); and (3) interfering with "the right to vote and to have one's vote counted, in violation of 18 U.S.C. § 241." *United States v. Trump*, ECF No. 1, ¶ 4(a)–(c).

On November 5, 2024, Defendant Trump was reelected as President of the United States. On November 25, 2024, the United States filed a Motion to Dismiss, explaining:

> It has long been the position of the Department of Justice that the United States Constitution forbids the federal indictment and

> subsequent criminal prosecution of a sitting President . . . [T]he Special Counsel's Office consulted with the Department's Office of Legal Counsel (OLC), whose interpretation of constitutional questions such as those raised here is binding on Department prosecutors. After careful consideration, the Department has determined that OLC's prior opinions concerning the Constitution's prohibition on federal indictment and prosecution of a sitting President apply to this situation and that as a result this prosecution must be dismissed before [Defendant Trump] is inaugurated.

*Id.*, ECF No. 281, at 1. In a brief order, the Court granted the Motion without prejudice that same day. *Id.*, ECF No. 283 (dismissing Superseding Indictment); *see also* ECF No. 285 (dismissing original Indictment).

**LEGAL STANDARD**

Although Federal Rule of Criminal Procedure 6 mandates the secrecy of grand jury proceedings, the Rule also enumerates exceptions. Under one such exception, a "court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). A party seeking disclosure under this exception must satisfy two threshold requirements. First, it must show that disclosure would be authorized "preliminarily to or in connection with a judicial proceeding." *United States v. Baggot*, 463 U.S. 476, 480 (1983). Second, there must be a showing of "particularized need," specifically that the information is "needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that the[] request is structured to cover only material so needed." *Id.* at 480; *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). The Supreme Court has recognized that this standard is "highly flexible" and "sensitive to the fact that the requirements of secrecy are greater in some situations than in others." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 444 (1983).

Further, this District's local rules state that "[p]apers, orders and transcripts of hearings subject to this Rule, or portions thereof, may be made public by the Court . . . upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury." L. Crim. R. 6.1. Rule 6.1 "may be implemented by releasing redacted documents." *In re Grand Jury Subpoena No. 7409*, No. 18-41, 2019 WL 2169265, at *2, *5 (D.D.C. Apr. 1, 2019) ("Local Criminal Rule 6.1 provides the Reporters Committee with access to the briefs and transcripts, with any matters occurring before the grand jury redacted."); *see also In re Motions of Dow Jones & Co.*, 142 F.3d 496, 505 (D.C. Cir. 1998) (remanding for consideration of possible redactions).

## ARGUMENT

Disclosure of the limited universe of requested materials is justified here. First, *Smith v. Trump* is a judicial proceeding that involves claims, similar to *United States v. Trump*, that Defendant Trump engaged in unlawful conduct based on substantially the same underlying facts. Second, Applicants can show a particularized need for the evidence to avoid the injustice of failing to obtain evidence of Defendant Trump's wrongdoing and communications that is not otherwise available. And, although disclosure is normally a heightened burden, the dismissal of *United States v. Trump* on November 25, 2024, greatly diminishes the need for secrecy and lessens the showing required for particularized need here. *See In re Capitol Breach Grand Jury Investigations Within the District of Columbia*, 339 F.R.D. 1, 24 (D.D.C. 2021) ("[A]s the considerations justifying secrecy become less relevant, a party asserting a need for grand jury [material] will have a lesser burden." (quoting *Douglas Oil*, 441 U.S. at 223)). Accordingly, this Court should authorize disclosure of the grand jury proceedings.

## I. *Smith v. Trump* Is a Judicial Proceeding that Centers Around the Same Events and Misconduct as *United States v. Trump*.

Disclosure is proper here because *Smith v. Trump* and the grand jury proceedings in *United States v. Trump* plainly overlap, as both allege Defendant Trump engaged in unlawful conduct based on the same underlying events. As there is no dispute that the *Smith v. Trump* is a judicial proceeding, the Court is authorized to direct disclosure upon a showing that there is a connection between the two proceedings. *See, e.g.*, *Jud. Watch, Inc. v. Tillerson*, 270 F. Supp. 3d 1, 4 (D.D.C. 2017).

Both cases are based on allegations that Defendant Trump engaged in conspiracies related to the January 6 Attack, which, in the words of the indictment in *United States v. Trump*, "target[ed] a bedrock function of the United States federal government: the nation's process of collecting, counting, and certifying the results of the presidential election." *United States v. Trump*, ECF No. 1, ¶ 4. Applicants brought their claim under the Ku Klux Klan Act, which is based on a conspiracy theory of preventing a United States officer from performing their official duties. 42 U.S.C. § 1985(1). Both cases therefore allege conspiracies based on the same set of underlying facts regarding Defendant Trump's conduct related to the January 6 Attack. On January 6, Defendant Trump's attempt to thwart the "lawful federal government function" directly led to the "attack [on] . . . U.S. Capitol Police." *United States v. Trump*, ECF No. 1, ¶ 4; *Smith v. Trump*, ECF No. 118, at 1. There is no question that these two cases are connected for purposes of disclosure, both in their shared underlying facts and the legal theories regarding each claim.

## II. With Diminished Need for Secrecy, Applicants' Inability to Access Evidence Important to Their Case Establishes a Particularized Need.

Considering the dismissal of *United States v. Trump*, the continuing need for secrecy in the underlying grand jury proceeding is greatly diminished, and the Applicants' inability to access evidence important to their case establishes the requisite particularized need. As noted above,

"[t]he balancing aspect of the particularized-need test means that 'as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury [material] will have a lesser burden." *In re Capitol Breach Grand Jury Investigations*, 339 F.R.D. at 24 (quoting *Douglas Oil*, 441 U.S. at 223); *see also In re Grand Jury Proc. GJ-76-4 & GJ-75-3*, 800 F.2d 1293, 1302 (4th Cir. 1986) ("[T]he showing of 'particularized need' may be diminished by the weakness of the public interests concerned in continued secrecy.").

The requirement of grand jury secrecy imposed under Rule 6 safeguards the "vital interests" of: "(1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated." *In re Capitol Breach Grand Jury Investigations*, 339 F.R.D. at 10 (citation omitted) (noting these interests "are at their strongest when a grand jury investigation, and grand jury proceedings, are ongoing").

With the dismissal of *United States v. Trump*, the first two interests no longer apply as there is no ongoing proceeding related to the grand jury in question. The third interest is greatly diminished as any future criminal prosecution of Defendant Trump and his co-conspirators is purely speculative. As such, there is no need to maintain the records of grand jury proceedings under seal. *Id.* at 7 n.5 ("Records, orders, and subpoenas related to grand-jury proceedings [must be] kept under seal *only to the extent and as long as necessary* to prevent the unauthorized disclosure of a matter occurring before a grand jury." (emphasis added)); *United States v. Moten*, 582 F.2d 654, 662–63 (2d Cir. 1978) ("If a showing of particularized need has been made, disclosure should occur unless the grand jury investigation remains sufficiently active that disclosure of materials would prejudice a legitimate interest of the government."). Further, any

materials may be produced subject to the protective order in *Smith v. Trump*, which permits designating material for attorneys' eyes only. *See Smith v. Trump*, ECF No. 294, at 4.

Applicants have a particularized need because of their inability to access important material through normal discovery channels in *Smith v. Trump*. Particularized need may be satisfied in a civil action brought on parallel grounds to a criminal one where the civil counsel's need for the material arises because "ordinary discovery is insufficient." *In re Grand Jury Procs.*, 841 F.2d 1264, 1271 (6th Cir. 1988) (citing *Sells Eng'g*, 463 U.S. at 431). As explained below, that is exactly the situation here.

Applicants have served discovery requests in *Smith v. Trump* for documents and testimony regarding the fundraising, planning, and promotion efforts relating to the January 6 Attack and the Rally, and now seek to unseal the grand jury evidence obtained from those individuals or entities that have refused to cooperate in the discovery process, and regarding Defendant Trump's communications with non-governmental actors whom the grand jury identified as co-conspirators.

Save America PAC, Trump Victory, and Make America Great Again Committee all have engaged in deficient discovery, and for that reason Applicants seek to unseal material obtained from these entities and their employees and former employees. In response to Applicants' subpoena regarding fundraising and coordination efforts, Save America PAC produced a single document: the location permit for the Rally. After Applicants requested that it run additional search terms or custodians, the PAC maintained it had no further responsive documents despite its role as a fundraising PAC. Trump Victory and Make America Great Again Committee are also two fundraising PACs that purport to have not a single document responsive to Applicants' subpoenas. Despite months of efforts on the part of counsel there has been no progress. These assertions defy credulity: Defendant Trump's campaign entities very publicly fundraised based on the "Big Lie"

that Defendant Trump had won the election, or otherwise worked on the false electors scheme, which inflamed sentiments culminating in the January 6 Attack.[1] And each had members who produced relevant documents to the January 6 House Select Committee. It is clear that these parties have relevant information, despite their claims.

Applicants further seek to unseal evidence obtained from two individuals who are evading discovery, Cynthia Chafian and Hannah Salem. Applicants subpoenaed Chafian in January 2024 in connection with her alleged fundraising and promotion of the Rally, including that she acted as an agent for Women for America First and applied for the original permit for the Rally, as well as her connections to non-Campaign defendants. However, she has not responded to discovery requests and has failed to communicate with Applicants' counsel since late August 2024. Salem, the Operations Manager for Logistics and Communications for the Rally (who was also employed by the Campaign), has not responded to the subpoena served on her in early August 2024 and has not otherwise communicated with Applicants' counsel. Salem holds documents relevant to both Applicants' conspiracy claim and the immunity question: she handled press credentials for the Rally and directly communicated with planners Kylie Kremer and Katrina Pierson. These individuals have documents and testimony that would shed light on the planning, operations, and execution of the January 6 Attack, but refuse to respond to subpoenas seeking relevant documents.

Lastly, Applicants seek disclosure of materials obtained from three individuals who are subjects of motions to compel compliance with subpoenas—Caroline Wren, Daniel Scavino, and Rudolph Guiliani—including transcripts of any testimony they provided to the grand jury. Wren is a Republican fundraiser who was closely involved in organizing the planning and logistics of

[1] *See* H.R. Rep. No. 117-663, at 789 (2022), https://www.govinfo.gov/content/pkg/GPO-J6-REPORT/pdf/GPO-J6-REPORT.pdf (concluding that Make America Great Again Committee and Save America PAC raised money off of the Big Lie).

the Rally, and acted as a key liaison between Defendant Trump, the Campaign, and other non-Campaign event organizers.[2] Scavino is a former Trump campaign advisor who also held multiple Trump Administration positions relating to social media and communications. Giuliani is suspected of extensive involvement in core aspects of the January 6 Attack: participating in the Rally, spreading Defendant Trump's false claims of election fraud, and filing baseless lawsuits seeking to overturn election results. *See Smith v. Trump*, ECF No. 89, ¶¶ 54, 114. After spending months or even more than a year attempting to serve these individuals with a third-party subpoena and receiving no response from any of them after successful service, Applicants filed a motion or pre-motion letter to compel their compliance. *Smith et al. v. Wren*, No. 9:24-mc-81974-DMM (S.D. Fla. Sept. 5, 2024) (ECF No. 1); *In re Subpoena to Rudolph Giuliani*, No. 1:24-mc-351 (S.D.N.Y. Aug. 1, 2024) (ECF No. 1); *In re Subpoena to Daniel J. Scavino Jr.*, No. 7:24-mc-00566 (S.D.N.Y. Dec. 9, 2024) (ECF No. 1). There has been no indication that these third parties will respond to the discovery requests. Therefore, Applicants seek disclosure to prevent the injustice of being denied their crucial documents and testimony.

The requested evidence in the *United States v. Trump* grand jury proceedings is necessary for Applicants' counsel to prepare their arguments as it is directly probative of Defendant Trump's coordination with his co-conspirators, a fact that goes to the heart of his alleged violation of the Ku Klux Klan Act. There is no other way to access this sealed information. Further, preventing Applicants' counsel from accessing the requested evidence creates a significant risk that the trier-of-fact in *Smith v. Trump* will not have full context and information necessary for justice in that case—one of the injustices Rule 6(e)(3)(E)(i) is designed to prevent. *See In re Grand Jury Procs. Relative to Perl*, 838 F.2d 304, 308 (8th Cir. 1988) (allowing disclosure of grand jury materials

[2] *See* H.R. Rep. No. 117-663, at 532–33, 648.

"unavailable through any other channel of discovery"); *In re App. of Comm. On Judiciary, U.S. House of Reps., for an Order Authorizing the Release of Certain Grand Jury Materials*, 414 F. Supp. 3d 129, 177–78 (D.D.C. 2019) (vacated as moot on other grounds) (characterizing disclosure to avoid misleading trier of fact as "paradigmatic" particularized need).

Finally, Applicants' request is tailored to request only what is necessary. Applicants do not seek the sort of "blanket approval to disclose" or "sweeping disclosure" that this Court has previously rejected. *In re Capitol Breach Grand Jury Investigations*, 339 F.R.D. at 24, 28 (denying overbroad request "tailored not to avoiding injustice, but rather to minimizing the government's discovery burdens"). The requested material is limited in scope to Defendant Trump's communications with his non-governmental conspirators; fundraising, planning, and promotion efforts that Trump campaign entities either provided or received in the planning and organization of the Rally; and observations of the above percipient witnesses. Applicants seek the United States's evidence solely for the purpose of furthering their own substantive case where that information is not otherwise available, and only make this application due to the extraordinary circumstance of the dismissal of *United States v. Trump*.

## CONCLUSION

For the foregoing reasons, Applicants respectfully request that this Court grant the Application and order the disclosure of the United States's evidence from the grand jury proceedings in *United States v. Trump*, with instructions to designate the material "Attorneys' Eyes Only" under the protective order in *Smith v. Trump*, if appropriate.

Dated: December 12, 2024

By: /s/ Marc Epstein

Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Elizabeth H. Snow, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
esnow@selendygay.com
eness@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

***Counsel for Applicants Conrad Smith et al.***